608 July 22, 2026 No. 688

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Isa Dean,
Claimant.

Isa DEAN,
*Petitioner,*

*v.*

MULTNOMAH COUNTY
and CORVEL ENTERPRISE COMP INC.,
*Respondents.*

Workers' Compensation Board
2201795;
A181645

On respondents' petition for reconsideration filed May 13, 2026. Precedential opinion filed April 29, 2026. *Dean v. Multnomah County*, 349 Or App 10, 590 P3d 546.

Rebecca Watkins and SBH Legal for petition.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Reconsideration allowed; former opinion modified and adhered to as modified.

**EGAN, J.**

Employer and insurer petition for reconsideration of our decision in *Dean v. Multnomah County*, 349 Or App 10, 590 P3d 546 (2026). We allow reconsideration to clarify certain language in our opinion. As modified, we adhere to our disposition reversing and remanding the order of the Workers' Compensation Board.

Employer argues that portions of our opinion may be understood to suggest that the compensability order issued by Administrative Law Judge (ALJ) Poland established the legal scope of acceptance for purposes of claim closure and permanent-disability rating. We agree that some of the language in our opinion could be read more broadly than intended.

In describing the arbiter panel's report, we stated that the panel's causation analysis "directly contradicts the scope of the accepted occupational disease, as established in [the] earlier compensability determination by ALJ Poland." *Id.* at 11. We further stated that the panel's conclusion rested on a premise "inconsistent with the adjudicated scope of the accepted condition." *Id.* at 15.

Upon reconsideration, we modify those statements.

Our decision does not depend on the proposition that ALJ Poland's compensability order established the legal scope of acceptance for purposes of claim processing or claim closure. Nor does our decision rest on the proposition that the compensability order determined which conditions were accepted at closure. Rather, the accepted condition remained the condition identified in the notice of acceptance. *See Johnson v. SAIF*, 369 Or 579, 597-99, 507 P3d 1277 (2022).

The point of our discussion of ALJ Poland's order was narrower. The arbiter panel stated that claimant's impairment findings were attributable not merely to causes other than the accepted lumbar strain, but specifically to claimant's "back complaints *** going back to 2013." Those same complaints had been addressed during the compensability litigation. In setting aside employer's denial, ALJ

Poland rejected employer's contention that claimant's 2013 and 2014 treatment demonstrated an independent pre-existing cause undermining compensability.

Accordingly, the following sentence in our original opinion:

"Against that background, the arbiter panel's conclusion that claimant's impairment findings were entirely attributable to 'conditions predating the date of injury' rests on a premise that is inconsistent with the adjudicated scope of the accepted condition."

is modified to read:

"Against that background, the arbiter panel's attribution of claimant's impairment to preexisting back complaints dating to 2013 appears difficult to reconcile with the compensability determination's rejection of those complaints as an independent preexisting cause of claimant's lumbar condition."

Likewise, we modify the following sentence:

"In short, the board relied on a medical arbiter opinion that conflicts with the established scope of the accepted condition and did not explain why that conflict did not matter."

to read:

"In short, the board relied on a medical arbiter opinion whose stated factual premise appeared to conflict with determinations made during the compensability litigation, yet the board did not explain why that apparent inconsistency did not affect the persuasiveness of the arbiter report."

Finally, we modify the concluding paragraph of our opinion. The first sentence of the conclusion shall read:

"Because the board relied on a medical arbiter report that expressly attributed claimant's impairment to pre-existing back complaints without addressing the relationship between that premise and the compensability determination reflected in ALJ Poland's order, the board's order is not supported by substantial reason."

These modifications clarify the basis for our decision but do not alter it. Our holding remains that the board

failed to explain why it found persuasive an arbiter opinion whose stated rationale relied on claimant's earlier lumbar complaints notwithstanding the compensability determination addressing those same complaints. For the reasons stated in our original opinion, as modified herein, the board's order cannot be sustained.

Reconsideration allowed; former opinion modified and adhered to as modified.